CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 12, 2024

LAURA A. AUSTIN, CLERK
BY:
        /s/T. Taylor
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 7:24-CV-11 |
| v. | ) | |
| | ) | REPORT & RECOMMENDATION |
| T.R. DEROSHA, | ) | |
| | ) | By: C. Kailani Memmer |
| Defendant. | ) | United States Magistrate Judge |

This matter comes before me on Defendant T.R. Derosha's Motion to Dismiss ("Motion"), ECF No. 7, on referral pursuant to 28 U.S.C. § 636(b)(1)(B) on March 4, 2024. *See* ECF No. 17. The Motion is fully briefed. Neither party has requested oral argument, and the I do not believe oral argument would aid the decisional process. Thus, the matter is ripe for decision. For the reasons set forth below, I respectfully recommend **GRANTING** Derosha's Motion to Dismiss, ECF No. 7, and **DISMISSING** this case from the Court's active docket.

### I.    Background

The facts are taken from Michael Miller El's ("Miller El") Complaint, ECF No. 1, and, at this stage, are accepted as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Miller El, proceeding *pro se* in this matter, was arrested in Roanoke, Virginia for traffic violations on June 6, 2023. *See* ECF No. 1 at 4. Miller El alleges that the arresting officer and defendant in this matter, Virginia State Trooper T.R. Derosha, sexually assaulted and kidnapped him, as well as threatened to lynch him. *Id.* He further alleges Derosha placed handcuffs on Miller El that were excessively tight such that they caused a right wrist injury. *Id.* at 5. On January 5, 2024, Miller El filed his complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by Trooper Derosha as a Virginia official.

Derosha identifies, and I agree, that, liberally construed, Miller El's Complaint can be read to contain the following twenty-four individual allegations[1]:

1. Derosha's traffic stop violated the U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article I, § 10, *see* ECF No. 1 at 3; 1-1 at 1;

2. Derosha's traffic stop violated Miller El's right to travel under the U.S. Constitution's Fourteenth Amendment, *see* ECF No. 1 at 3; 1-1 at 2;

3. Derosha's traffic stop resulted from racial profiling in violation of the U.S. Constitution's Fourteenth Amendment and the Virginia Constitution's Article I, § 11, *see* ECF No. 1 at 3, 4; 1-1 at 1;

4. Derosha used excessive force against Miller El in violation of the U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article I, § 10, *see* ECF No. 1 at 3, 4–5; 1-1 at 1;

5. Derosha spoke in contradiction to Miller El's Moorish documentation in violation of the U.S. Constitution's First Amendment and Supremacy Clause and the American–Morroco Treaty of Peace and Friendship, and this constituted fraud and slander, *see* ECF No. 1 at 3; 1-1 at 3;

6. Derosha committed the torts of libel and slander against Miller El in saying he carried a concealed weapon, *see* ECF No. 1 at 3; 1-1 at 1–2, 4;

7. Derosha failed to read Miller El his rights in violation of the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), *see* ECF No. 1 at 3; 1-1 at 2;

---

1 In order to more efficiently handle the Complaint, I adopt Derosha's approach to interpreting Miller El's Complaint and address the Complaint as though it contains separate counts.

8.  Derosha arrested Miller El in violation of the U.S. Constitution's Fourth
    Amendment and the Virginia Constitution's Article I, § 10, *see* ECF No. 1 at 3;
    1-1 at 2;

9.  Derosha and the Roanoke County courts denied Miller El a common-law trial
    in violation of the U.S. Constitution's Seventh Amendment and the Virginia
    Constitution's Article I, § 11, *see* ECF No. 1 at 3; 1-1 at 2;

10. Derosha and the Roanoke County courts denied Miller El a trial by jury in
    violation of the U.S. Constitution's Sixth Amendment and the Virginia
    Constitution's Article I, § 8, *see* ECF No. 1 at 3, 5; 1-1 at 2;

11. Derosha and the Roanoke County courts denied Miller El's rights under the
    U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article
    I, § 10, *see* ECF No. 1 at 3; 1-1 at 4;

12. The Roanoke County courts failed to provide Miller El with video in violation
    of one or more constitutional provisions, *see* ECF No. 1 at 3, 5; 1-1 at 4;

13. The Roanoke County courts failed to examine Miller El's evidence in violation
    of one or more constitutional provisions, *see* ECF No. 1 at 3; 1-1 at 4;

14. Derosha committed perjury during the Roanoke County court proceedings in
    violation of the U.S. Constitution's Fourteenth Amendment and the Virginia
    Constitution's Article I, § 8, *see* ECF No. 1 at 3; 1-1 at 4;

15. Derosha and the Roanoke County courts conspired to maliciously prosecute
    Miller El, and refused him a common-law jury trial, to protect Derosha in

violation of the U.S. Constitution's Seventh Amendment and the Virginia
Constitution's Article I, § 11, *see* ECF No. 1 at 3; 1-1 at 4;

16. Miller El's crimes were victimless in violation of a purported constitutional or
common-law principle, *see* ECF No. 1 at 4;

17. Miller El's confinement or other punishment violated the U.S. Constitution's
Eighth or Fourteenth Amendments and the Virginia Constitution's Article I, §§
8 and 9, *see* ECF No. 1 at 3; 1-1 at 4;

18. Derosha, the Roanoke County courts, and Roanoke County prosecutors
defrauded Miller El by not responding to Miller El's documentation, *see* ECF
No. 1 at 3; 1-1 at 4;

19. Derosha, the Roanoke County courts, and Roanoke County prosecutors
conspired to deny Miller El a republican form of government in violation of the
U.S. Constitution's Article IV, § 4, and to deny Miller El full faith and credit in
violation of the U.S. Constitution's Article IV, § 1, *see* ECF No. 1 at 3; 1-1 at
4;

20. The Commonwealth of Virginia persecuted Miller El for being Moorish-
American in violation of the U.S. Constitution's Fourteenth Amendment and
Supremacy Clause, the American–Morocco Treaty of Peace and Friendship,
and the Virginia Constitution's Article I, § 11, *see* ECF No. 1 at 3; 1-1 at 4;

21. One or more events constituted negligence toward Miller El, *see* ECF No. 1-1
at 4;

22. One or more events violated the U.S. Constitution's Fifth Amendment, *see* ECF

No. 1 at 3;

23. One or more events violated the U.S. Constitution's Ninth Amendment, *see*

ECF No. 1 at 3; and

24. One or more events gave rise to something in the nature of a contract suit, *see*

ECF No. 1-1 at 4.

Derosha was served a summons and copy of the complaint on January 22, 2024. *See* ECF

No. 6. On February 12, 2024, Derosha filed the Motion. ECF No. 7. The Motion alleges that

Miller El's Complaint, ECF No. 1, warrants dismissal by this Court pursuant to Fed. R. Civ. P.

12(b)(1) and 12(b)(6). That same day, February 12, the Clerk sent Miller El a *Roseboro* notice.

ECF No. 12. On February 26, Miller El filed an "Affidavit of Truth," ECF No. 11, which this

Court construes as a responsive brief. On March 1, 2024, Derosha filed a rebuttal brief in support

of the Motion. ECF No. 13.

## II.    Legal Standard

Motions to dismiss under Fed. R. Civ. P. 12(b)(1) challenge the subject-matter

jurisdiction of the court. In this case, Derosha is challenging subject-matter jurisdiction by virtue

of the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine . . . is confined to cases   . . .

brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection

of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* "extends not only to constitutional claims presented to or adjudicated by the

state courts but also to claims that are inextricably intertwined with a state court judgment."

*LaMar v. Ebert*, 681 F. Appx. 279, 287 (4th Cir. 2017) (quotation marks omitted). The doctrine

applies if (1) a plaintiff in federal court lost in state court; (2) the plaintiff complains about the

state court's decision; (3) the state court's judgment was final before the federal proceedings

began; and (4) the plaintiff invites the federal court to disagree with the state court. *See Willner*

*v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (per curiam).

   *Rooker-Feldman* is a "narrow" and "limited" doctrine. *Exxon Mobile Corp.*, at 283–92. If

the state-court loser "seeks redress in the federal district court for the injury caused by the state-

court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court

decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v.*

*Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). Any claim barred by the *Rooker-*

*Feldman* doctrine is "properly dismissed for want of subject-matter jurisdiction." *Exxon Mobile*

*Corp.,* 544 U.S. at 284. As a result, such dismissal must be without prejudice. *See Womack v.*

*Owens*, 736 Fed. Appx. 356, 357 (4th Cir. 2018).

   Motions to dismiss under Fed. R. Civ. P. 12(b)(6) challenge the legal sufficiency of a

complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a

Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to

'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible

when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed

factual allegations," complaints that merely offer "labels and conclusions," "naked assertions

devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of

6

action will not do." *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 555, 557). Legal conclusions in the complaint are given no deference. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff pursuing a claim under 42 U.S.C. § 1983 must allege facts that "if true, show a violation of clearly established constitutional rights." *Goines v. Valley Cmty Servs. Bd.*, 822 F.3d 159, 169 (4th Cir. 2016) (quoting *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 331 (4th Cir. 2009).

In ruling on a motion to dismiss, the court may "consider documents attached to the complaint . . . so long as they are integral to the complaint and authentic." *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (internal quotations omitted).

It is long-standing precedent in the Fourth Circuit that "liberally allow amendment" of pleadings. *See Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). However, the Court should not grant leave to amend if "the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

### III.    Analysis

Miller El is proceeding *pro se* in this matter. As such, his complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a district court cannot "conjure up questions never squarely presented" in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, the district court "is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Serv.*, 901 F.3d 387, 391 (4th Cir. 1990) (citation and quotations omitted).

To address Miller El's responsive brief, ECF No. 11, I find that the "Affidavit of Truth," is largely a hodge-podge of random citations and quotations, the majority of which are immaterial and irrelevant to this Court's analysis under Rule 12(b). To the extent that Miller El claims that the doctrine of qualified immunity has ended, *see* ECF No. 11 at 1–2, he is incorrect. The Ending Qualified Immunity Act, H.R. 2847, 118th Cong. (2023)[2], which would have ended qualified immunity as a defense to civil actions, was never enacted and so has no relevance to this case. Likewise, the George Floyd Justice in Policing Act of 2021, H.R. 1280, 117th Cong. (2021)[3] was never enacted and so has no relevance to this case. Relatedly, the Universal Declaration of Human Rights of the United Nations has no relevance to this case. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining that the Universal Declaration is not a treaty or international agreement that would impose legal obligations or rights enforceable in federal court).

To the extent that Miller El requests that the Court appoint an attorney to represent him, this Court has previously denied him that request. *See* ECF No. 18. To the extent Miller El engages in additional argument rooted in "Sovereign Citizen" or "Moorish Nation" theory, *see* ECF No. 11 at 1, 3–13, I will not waste judicial resources by addressing patently frivolous arguments.

Now, I address the individual counts that can be identified in the Complaint below:

## 1. Count 1

I recommend that the Court dismiss Count 1. Count 1 alleges that Derosha's traffic stop violated the U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article I, §

---

2  Available at https://www.congress.gov/bill/118th-congress/house-bill/2847.
3  Available at https://www.congress.gov/bill/117th-congress/house-bill/1280.

10. *See* ECF No. 1 at 3, 1-1 at 1.

Count 1 is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine
"extends not only to constitutional claims presented to or adjudicated by the state courts but also
to claims that are inextricably intertwined with a state court judgment." *LaMar*, 681 F. Appx. at
287 (4th Cir. 2017). "The relevant inquiry [under the *Rooker-Feldman* doctrine] is whether a
party had a reasonable opportunity to raise his federal claim in state proceedings." *Brown &
Root, Inc. v.* Breckenridge, 211 F.3d 194, 201 (4th Cir. 2000). The *Rooker-Feldman* doctrine
includes constitutional challenges to state court actions. *See Curley v. Adams Creek Associates*,
409 F. App'x 678, (4th Cir. 2011); *see also Moore v. J.E.A.N. Team Task Force*, 1:13-cv-134,
2014 U.S. Dist. LEXIS 150848, at *3 (N.D. Ind. Oct. 23, 2014) (holding that the *Rooker-
Feldman* doctrine bars § 1983 claims based on an allegedly unconstitutional traffic stop and an
allegedly unconstitutional search and seizure).

Miller El had a "reasonable opportunity to raise his federal claim in state proceedings,"
*Brown & Root, Inc.*, 211 F.3d at 201, when he appeared before the Roanoke County General
District Court and the Roanoke County Circuit Court. In either court, Miller El could have
argued that the traffic stop by Derosha violated the U.S. Constitution's Fourth Amendment. To
the extent that the Roanoke County Circuit Court denied any such argument, he could have
raised that argument again on appeal with the Virginia Court of Appeals. He apparently did not
do so. Under the *Rooker-Feldman* doctrine, he cannot attempt to do so now by seeking appeal in
federal court. Thus, to the extent that Miller El claims Derosha's traffic stop violated the U.S.
Constitution's Fourth Amendment, that claim should be dismissed.

Therefore, I recommend that the Court **DISMISS WITHOUT PREJUDICE** Count 1

pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Count 2

I recommend that the Court dismiss Count 2. Count 2 alleges that Derosha's traffic stop violated Miller El's right to travel under the U.S. Constitution's Fourteenth Amendment. *See* ECF No. 1 at 3, 1-1 at 2–3.

"The constitutional right to travel gives a United States citizen the right to travel from one State to another but it is not . . . a right to travel in any manner, without regulation, and [it] does not provide travelers a right to ignore state traffic laws." *Estell El ex rel. Whitaker v. City of Greensboro N.C.,* No. 1:22-cv-48, 2022 U.S. Dist. LEXIS 132932, at *2 (M.D.N.C. July 12, 2022), *aff'd* No. 22-1970, 2022 U.S. App. LEXIS 34085 (4th Cir. 2022). Miller El's claim that the traffic stop by Derosha violated Miller El's right to travel has no rational basis in the law. Miller El was not traveling to another state at the time of the traffic stop; instead, he alleges that he was traveling to Earth Fare, a local market. *See* ECF No. 1-1 at 1. In sum, Miller El fails to state any claim for a violation of his right to travel.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 2 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 2, the Court should not grant leave to amend because any amendment would be futile.

### 3. Count 3

I recommend that the Court dismiss Count 3. Count 3 alleges that Derosha's traffic stop of Miller El resulted from racial profiling in violation of the U.S. Constitution's Fourteenth Amendment and the Virginia Constitution's Article 1, § 11. *See* ECF No. 1 at 3–4; 1-1 at 1.

A plaintiff stating a claim for racial profiling "must plead sufficient facts 'to demonstrate

that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of the intentional or purposeful discrimination.'" *Green v. Maroules*, 211 F. App'x 159, 162 (4th Cir. 2006) (quoting *Williams v. Hansen*, 326 F.3d 5969, 576 (4th Cir. 2003)). Here, Miller El pleads no facts other than the conclusory allegation that he was racially profiled by Derosha. *See* ECF No. 1 at 4; 1-1 at 1 As a result, Miller El has failed to state a racial-profiling claim.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 3 pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts in support of Count 3.

### 4. Count 4

I recommend that the Court dismiss Count 4. Count 4 alleges that Derosha used excessive force against Miller El in violation of the U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article I, § 10. *See* ECF No. 1 at 3–5; 1-1 at 1–2, 4. In particular, Miller El alleges that Derosha used excessive force by (1) tightly handcuffing Miller El, ECF No. 1 at 4–5; 1-1 at 1–2; (2) sexually assaulting him, ECF No. 1 at 3–4; 1-1 at 1; and (3) threatening to lynch him. *Id.*

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Where . . . the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

In determining whether an officer's use of force is excessive, courts consider three

factors, commonly referred to as the *Graham* factors[4]: (1) "the severity of the crime at issue"; (2) "the extent to which the suspect poses an immediate threat to the safety of the officer or others"; and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Estate of Armstrong ex rel. Armstrong v. Village of Pinehurst*, 810 F.3d 982 (4th Cir. 2016) (quoting *Smith v. Ray*, 781 F.3d 95, 101) (internal quotation marks omitted). This inquiry must be made from the perspective of an officer on the scene and "turns on the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).

First, Miller El fails to state a claim of excessive force related to handcuffing. Handcuffing "rarely constitute[s] excessive force where the officers were justified . . . in effecting the underlying arrest." *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002). *De minimis* physical force does not rise to a constitutional deprivation. *See Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996).

Considering the *Graham* factors, I find that the crimes at issue, being non-violent traffic violations, were not severe. *See Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016). As to the extent to which Miller El posed an immediate threat to the safety of the officer or others, I find that the fact that Derosha indicated his belief that Miller El was possibly in possession of a concealed weapon, *see* ECF No. 1-1 at 1, leads to the conclusion that, from the perspective of an officer on the scene, Miller El did pose an immediate threat to the safety of Derosha and others. As such, it would not be unreasonable for Derosha to restrain Miller El using handcuffs for Derosha's safety, as well as the safety of others. As for the third and final *Graham* factor, the complaint includes no information about whether Miller El was actively resisting arrest. Overall,

---

4   So-named because they are derived from the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386 (1989).

considering the allegation that Miller El could have been in possession of a concealed firearm, I find that Miller El fails to state a claim of excessive force relating to handcuffing.

Next, Miller El fails to state a claim of excessive force related to an alleged sexual assault. Miller El provides no explanation of the alleged assault and, as such, I find that his claim of sexual assault is conclusory as a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. As such, Miller El fails to state a claim of excessive force related to an alleged sexual assault.

Lastly, verbal threats and verbal abuse, such as a threat to lynch an individual, do not give rise to a § 1983 claim. *See Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (noting that racial epithets made by police, though deplorable and unprofessional, do not rise to the level of a constitutional violation); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("[N]ot all undesirable behavior by state actors is unconstitutional."). As such, the allegation that Derosha threatened to lynch Miller El does not give rise to an excessive force claim or otherwise support a § 1983 claim.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 4 pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts to support Count 4 as it relates to the allegation of excessively tight handcuffs and sexual assault. However, the Court should not grant leave to amend as it relates to the allegations of verbal abuse, as no additional facts could cure Count 4 as it relates to that claim, and so any amendment would be futile.

### 5. Count 5

I recommend that the Court dismiss Count 5. Count 5 alleges that Derosha spoke in

13

contradiction to Miller El's documentation in violation of the U.S. Constitution's First

Amendment and Supremacy Clause, as well as the American-Morocco Treaty of Peace and

Friendship, constituting fraud and slander. *See* ECF No. 1 at 3, 5; 1-1 at 1, 4.

Count 5 is based on Miller El's "Moorish Nation" theory, which has no rational basis in

law or fact. "Moorish Nation" or similar "Sovereign Citizen" theories are "baseless, fantastic,

and delusional," and so any claim based on those theories should be dismissed because they

cannot support a civil action. *See Miller El v. Ward et al.*, No. 7:24-cv-45, 2024 U.S. Dist.

LEXIS 22369, at *3–4 (W.D. Va. Feb. 8, 2024) (collecting cases).[5]

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 5

pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 5,

the Court should not grant leave to amend because any amendment would be futile.

### 6. Count 6

I recommend that the Court dismiss Count 6. Count 6 alleges that Derosha committed the

torts of libel and slander against Miller El by claiming that Miller El carried a concealed weapon.

*See* ECF No. 1 at 5; 1-1 at 1–2, 4.

Under Virginia law, there is no distinction between actions for libel and slander; instead,

the tort of defamation encompasses both concepts. *See Shupe v. Rose's Stores, Inc.*, 213 Va. 374,

375–76 (Va. 1972). To state a claim for defamation under Virginia law, a plaintiff must allege:

(1) the publication of (2) an actionable statement with (3) the requisite intent." *See Edwards v.*

*Schwartz*, No. 7:18-cv-378, 378 F. Supp. 3d 468, 503 (W.D. Va. Mar. 19, 2019) (citing

*Schaecher v. Bouffault*, 290 Va. 83, 91 (Va. 2015)).

---

5 I note that the cited case involved the dismissal of other claims filed by Miller El pursuant to 28 U.S.C.
§ 1915(e)(2)(B), not a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

"Publication" means that the statement is "published" to a third party, as unless the defamatory statement is published to a third person, no harm can occur. *See Dickenson v. Wal-Mart Stores, Inc.*, No. 96-0240, 1997 U.S. Dist. LEXIS 19459, at *8–9 (W.D. Va. Nov. 3, 1997). For a statement to be actionable, it must be false and defamatory such that it "tend[s] to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin v. Knight-Ridder*, 993 F.2d 1087, 1092 (4th Cir. 1993). "Merely offensive or unpleasant statements" are not defamatory; defamatory statements must "make the plaintiff appear odious, infamous, or ridiculous." *Id.*

I find that, liberally construed, Miller El's Complaint fails to state a claim for defamation. First, based on the allegations in the Complaint, ECF No. 1, and the attachment, ECF No. 1-1, the libel and slander allegation is based on Miller El's statement that Derosha "slandered [Miller El]" "by saying [he] had a weapon." ECF No. 1-1 at 1–2. In the light most favorable to Miller El, I find that statement was likely "published" to a third party because the statement was made in the presence of Miller El's passenger, George Mosley, Jr. *See id* at 2. However, I cannot find that such a statement was actionable. Derosha's belief and statement that Miller El had a concealed weapon is not defamatory such that it "tend[s] to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Chapin*, 993 F.2d at 1092. While the statement might have been offensive to Miller El or unpleasant, I find that it does not rise to the level of being an actionable statement. As a result, Count 6 fails to state a claim for libel or slander.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 6 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 6,

15

as the allegation that Miller El was carrying a concealed weapon is not an actionable statement, the Court should not grant leave to amend because any amendment would be futile.

Even if the Court were to grant leave to amend, however, if the Court dismisses all other Counts that would allow this Court to exercise supplemental jurisdiction over Count 6 pursuant to 28 U.S.C. § 1367, then the Court should **DISMISS WITHOUT PREJUDICE** Count 6 for a lack of subject-matter jurisdiction.

### 7. Count 7

I recommend that the Court dismiss Count 7. Count 7 alleges that Derosha failed to read Miller El his rights in violation of the Supreme Court's ruling in *Miranda v. Arizona*, 384 U.S. 436 (1966). *See* ECF No. 1-1 at 2.

Violation of *Miranda* procedures "cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). A violation of *Miranda* procedures is precisely what Miller El is alleging in Count 7.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 7 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 7, the Court should not grant leave to amend because any amendment would be futile.

### 8. Count 8

I recommend that the Court dismiss Count 8. Count 8 alleges that Derosha arrested Miller El in violation of the U.S. Constitution's Fourth Amendment and the Virginia Constitution's Article I, § 10. *See* ECF No. 1 at 3, 5; 1-1 at 1, 3.

Count 8 is barred by the *Rooker-Feldman* doctrine. *Rooker-Feldman* "extends not only to constitutional claims presented to or adjudicated by the state courts but also to claims that are

16

inextricably intertwined with a state court judgment." *LaMar*, 681 F. Appx. at 287 (4th Cir.

2017). "The relevant inquiry [under the *Rooker-Feldman* doctrine] is whether a party had a

reasonable opportunity to raise his federal claim in state proceedings." *Brown & Root, Inc. v.*

Breckenridge, 211 F.3d 194, 201 (4th Cir. 2000). The *Rooker-Feldman* doctrine includes

constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678, (4th Cir.

2011); *see also Moore v. J.E.A.N. Team Task Force*, 1:13-cv-134, 2014 U.S. Dist. LEXIS

150848, at *3 (N.D. Ind. Oct. 23, 2014) (holding that the *Rooker-Feldman* doctrine bars § 1983

claims based on an allegedly unconstitutional traffic stop and an allegedly unconstitutional

search and seizure).

Miller El had a "reasonable opportunity to raise his federal claim in state proceedings."

*Brown & Root, Inc.*, 211 F.3d at 201, when he appeared before either the Roanoke County

General District Court and the Roanoke County Circuit Court. In either court, Miller El could

have argued that the arrest by Derosha violated the U.S. Constitution's Fourth Amendment. To

the extent that the Roanoke County Circuit Court denied any such argument, he could have

raised that argument again on appeal with the Virginia Court of Appeals. He apparently did not

do so. Under the *Rooker-Feldman* doctrine, he cannot attempt to do so now by seeking appeal in

federal court. Thus, to the extent that Miller El claims Derosha's arrest of him violated the U.S.

Constitution's Fourth Amendment, that claim should be dismissed.

Therefore, I recommend that the Court **DISMISS WITHOUT PREJUDICE** Count 8

pursuant to Fed. R. Civ. P. 12(b)(1).

### 9. Count 9

I recommend that the Court dismiss Count 9. Count 9 alleges that Derosha and the

17

Roanoke County Courts denied Miller El a common-law trial in violation of the U.S. Constitution's Seventh Amendment and the Virginia Constitution's Article I, § 11. *See* ECF No. 1 at 3–5; 1-1 at 2, 4.

"In order for an individual to be liable under 42 U.S.C. § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). Here, Miller El makes a conclusory allegation that Derosha, as an individual, denied Miller El a common-law trial. Because the Roanoke County Courts are not party to this action, their alleged involvement will not be considered. Derosha is a Virginia State Police trooper, not a judicial officer. *See* ECF No. 1 at 2. The allegation that Derosha somehow "acted personally" to deny Miller El a common-law trial is not plausible. As such, with regard to the claim that Derosha denied Miller El a common-law trial, Miller El fails to state a claim on which relief can be granted.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 9 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 9, the Court should not grant leave to amend because any amendment would be futile.

### 10. Count 10

I recommend that the Court dismiss Count 10. Count 10 alleges that Derosha and the Roanoke County Courts denied Miller El a trial by jury in violation of the U.S. Constitution's Sixth Amendment and the Virginia Constitution's Article I, § 10. *See* ECF No. 1 at 3, 5; 1-1 at 2, 4.

As noted above, "[i]n order for an individual to be liable under 42 U.S.C. § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the

18

plaintiff's rights." *Wright*, 766 F.2d at 850. As with the claim in Count 9, it is not plausible that

Derosha, a Virginia State Police trooper, somehow "acted personally" to deny Miller El a trial by

jury. The Roanoke County Courts are not a party to this action, so their alleged involvement will

not be considered. As a result, with regard to the allegation that Derosha denied Miller El a trial

by jury, Miller El fails to state a claim on which relief can be granted.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 10

pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 10,

the Court should not grant leave to amend because any amendment would be futile.

### 11. Count 11

I recommend that the Court dismiss Count 11. Count 11 alleges that Derosha and the

Roanoke County Courts denied Miller El's rights under the Constitution's Fourth Amendment

and the Virginia Constitution's Article I, § 10. *See* ECF No. 1. At 3; 1-1 at 2. Specifically, Miller

El claims that he was "denied 5th [sic] amendment right to be secured in [his] person[], houses,

papers, and effects against unreasonable searches and seizures." *Id.*

I find that Count 11 is barred by the *Rooker-Feldman* doctrine. *Rooker-Feldman* "extends

not only to constitutional claims presented to or adjudicated by the state courts but also to claims

that are inextricably intertwined with a state court judgment." *LaMar*, 681 F. Appx. at 287 (4th

Cir. 2017). "The relevant inquiry [under the *Rooker-Feldman* doctrine] is whether a party had a

reasonable opportunity to raise his federal claim in state proceedings." *Brown & Root, Inc. v.*

Breckenridge, 211 F.3d 194, 201 (4th Cir. 2000). The *Rooker-Feldman* doctrine includes

constitutional challenges. *See Curley v. Adams Creek Associates*, 409 F. App'x 678, (4th Cir.

2011); *see also Moore v. J.E.A.N. Team Task Force*, 1:13-cv-134, 2014 U.S. Dist. LEXIS

150848, at *3 (N.D. Ind. Oct. 23, 2014) (holding that the *Rooker-Feldman* doctrine bars § 1983

claims based on an allegedly unconstitutional traffic stop and an allegedly unconstitutional

search and seizure).

Miller El "had a reasonable opportunity" to raise his allegations of Fourth Amendment

violations in his state court proceedings. Even where he failed to do so in Circuit Court, he could

have done so in the Virginia Court of Appeals. I find that such allegations are "inextricably

intertwined" with his state court judgment as it relates to his arrest by Derosha. As such, Count

11 is barred by the *Rooker-Feldman* doctrine.

Therefore, I recommend that the Court **DISMISS WITHOUT PREJUDICE** Count 11

pursuant to Fed. R. Civ. P. 12(b)(1).

### 12. Count 12

I recommend that the Court dismiss Count 12. Count 12 alleges that the Roanoke County

Courts failed to provide Miller El with video in violation of one or more constitutional

provisions. *See* ECF No. 1 at 3, 5; 1-1 at 4.

Neither the Roanoke County General District Court nor the Roanoke County Circuit

Court is party to this action, and as such I need not discuss this claim against them any further.

However, to the extent the same claim could be made against Derosha, I reiterate that

"[i]n order for an individual to be liable under 42 U.S.C. § 1983, it must be affirmatively shown

that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright*, 766

F.2d at 850. Miller El has not alleged plausible facts to suggest that Derosha somehow "acted

personally" in the deprivation of Miller El's rights as it pertains to video connected to his

criminal proceedings.

20

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 12 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 12, the Court should not grant leave to amend because any amendment would be futile

**13. Count 13**

I recommend that the Court dismiss Count 13. Count 13 alleges that the Roanoke County Courts refused to examine Miller El's evidence in violation of one or more constitutional provisions. *See* ECF No. 1 at 3, 5.

Again, to the extent that any claim is made against a non-party to this action, I need not explain why such claim should be dismissed. However, to the extent that Count 13 is extended against Derosha, Derosha is neither a judicial officer nor an attorney. Miller El has not alleged plausible facts to suggest that Derosha, a Virginia State trooper, somehow "acted personally" in the deprivation of Miller El's rights as it pertains to the examination of his evidence during his criminal proceedings.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 13 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 13, the Court should not grant leave to amend because any amendment would be futile.

**14. Count 14**

I recommend that the Court dismiss Count 14. Count 14 alleges that Derosha committed perjury during the Roanoke County Court proceedings in violation of the U.S. Constitution's Fourteenth Amendment and the Virginia Constitution's Article I, § 8. *See* ECF No. 1 at 3–5; 1-1 at 4.

Government officials who testify at criminal trials are absolutely immune from damages

liability based on their testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Lyles v. Sparks*, 79 F.3d 372, 378 (4th Cir. 1996). This absolute immunity applies even "in cases of alleged perjury by police officer witnesses." *Id.* at 341.

Here, Miller El provides no factual allegations other than the conclusory allegation that Derosha committed perjury when he testified at Miller El's criminal trial. *See* ECF No. 1 at 5. Thus, I find that, with regard to the alleged perjury, Miller El fails to state a claim on which relief can be granted; however, even if Miller El provided additional factual allegations, Derosha would remain absolutely immune from liability.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 14 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 14, the Court should not grant leave to amend because any amendment would be futile.

### 15. Count 15

I recommend that the Court dismiss Count 15. Count 15 alleges that Derosha and the Roanoke County Courts conspired to maliciously prosecute Miller El, and refuse him a common-law jury trial, to protect Derosha in violation of the U.S. Constitution's Seventh Amendment and the Virginia Constitution's Article I, § 11. *See* ECF No. 1 at 3, 5; 1-1 at 4.

A plaintiff alleging a conspiracy under § 1983 must establish that the defendant(s) "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996).

Here, Miller El alleges that Derosha and the Roanoke County Courts "conspire[ed]" against him. ECF No. 1-1 at 4. However, aside from this conclusory allegation, Miller El does

22

not allege plausible facts that establish a claim for conspiracy under § 1983. Thus, I find that he

fails to state a claim for § 1983 conspiracy.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 15

pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 15,

the Court should not grant leave to amend because any amendment would be futile.

### 16. Count 16

I recommend that the Court dismiss Count 16. Count 16 alleges that Miller El's crimes

were victimless in violation of a purported constitutional or common-law principle. *See* ECF No.

1 at 4; 1-1 at 3.

Count 16 is based on Miller El's "Moorish Nation" theory, which has no rational basis in

law or fact. "Moorish Nation" or similar "Sovereign Citizen" theories are "baseless, fantastic,

and delusional," and so any claim based on those theories should be dismissed because they

cannot support a civil action. *See Miller El v. Ward et al*., 2024 U.S. Dist. LEXIS 22369, at *3–

4.[6]

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 16

pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 16,

the Court should not grant leave to amend because any amendment would be futile.

### 17. Count 17

I recommend that the Court dismiss Count 17. Count 17 alleges that Miller El's

confinement or other punishment violated the U.S. Constitution's Eighth or Fourteenth

Amendments and the Virginia Constitution's Article I, §§ 8 and 9. *See* ECF No. 1 at 3, 5; 1-1 at

---

6 *See* Fn. 5 above.

4.

To the extent this claim is being made against Derosha, I reiterate that "[i]n order for an individual to be liable under 42 U.S.C. § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright*, 766 F.2d at 850. Miller El has not alleged plausible facts to suggest that Derosha somehow "acted personally" in the deprivation of Miller El's rights as it pertains to his confinement and other punishment. Derosha is a Virginia State Police trooper. While Derosha is the state official who arrested Miller El, he is not a judicial officer who had the authority to confine Miller El after arrest and subsequent conviction.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 17 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 17, the Court should not grant leave to amend because any amendment would be futile.

**18. Count 18**

I recommend that the Court dismiss Count 18. Count 18 alleges that Derosha, the Roanoke County Courts, and prosecutors defrauded Miller El in not responding to Miller El's documentation. *See* ECF No. 1-1 at 4.

As noted above, I will not discuss the nature of any claims against non-parties. However, to the extent the claim is made against Derosha, I reiterate that "[i]n order for an individual to be liable under 42 U.S.C. § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright*, 766 F.2d at 850. Miller El has not alleged plausible facts to suggest that Derosha somehow "acted personally" in the deprivation of Miller El's rights as it pertains to not responding to Miller El's documentation. Derosha is a

24

Virginia State Police trooper, and he has no authority or role related to the admission or non-admission of evidence in Miller El's criminal proceedings. As a result, I find that Miller El fails to state a claim against Derosha for not responding to Miller El's documentation.

Additionally, insofar as "documentation" refers to any document relating to Miller El's alleged "Moorish Nation" status, I find that such a claim is based on "Moorish Nation" theory and fails for the reasons already explained in this Report and Recommendation.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 18 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 18, the Court should not grant leave to amend because any amendment would be futile.

### 19. Count 19

I recommend that the Court dismiss Count 19. Count 19 alleges that Derosha, the Roanoke County Courts, and prosecutors conspired to deny Miller El a republican form of government in violation of the U.S. Constitution's Article IV, § 4, as well as to deny Miller El full faith and credit in violation of the U.S. Constitution's Article IV, § 1. *See* ECF No. 1-1 at 4.

Count 19 is based on Miller El's "Moorish Nation" theory, which has no rational basis in law or fact. "Moorish Nation" or similar "Sovereign Citizen" theories are "baseless, fantastic, and delusional," and so any claim based on those theories should be dismissed because they cannot support a civil action. *See Miller El v. Ward et al*., 2024 U.S. Dist. LEXIS 22369, at *3–4.[7]

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 19 pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 19,

---

[7] *See* Fn. 5 above.

the Court should not grant leave to amend because any amendment would be futile.

**20. Count 20**

I recommend that the Court dismiss Count 20. Count 20 alleges that the Commonwealth

of Virginia persecuted Miller El and others for being Moorish-American in violation of the U.S.

Constitution's Fourteenth Amendment and Supremacy Clause, the American-Morocco Treaty of

Peace and Friendship, and the Virginia Constitution's Article I, § 11. *See* ECF No. 1 at 3; 1-1 at

3.

Count 20 is based on Miller El's "Moorish Nation" theory, which has no rational basis in

law or fact. "Moorish Nation" or similar "Sovereign Citizen" theories are "baseless, fantastic,

and delusional," and so any claim based on those theories should be dismissed because they

cannot support a civil action. *See Miller El v. Ward et al*., 2024 U.S. Dist. LEXIS 22369, at *3–

4.[8]

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 20

pursuant to Fed. R. Civ. P. 12(b)(6). Because no additional, plausible facts could cure Count 20,

the Court should not grant leave to amend because any amendment would be futile.

**21. Count 21**

I recommend that the Court dismiss Count 21. Count 21 alleges that one or more events

constituted negligence toward Miller El. *See* ECF No. 1-1 at 1, 4.

First, 42 U.S.C. § 1983 protects only federal rights that are guaranteed by federal law; it

does not apply to tort claims for which state law provides adequate remedies. *See Tucker v.

Duncan*, 499 F.2d 963, 965 n.1 (4th Cir. 1974). Nevertheless, even when the allegation of

---

8 *See* Fn. 5 above.

negligence is considered separate and apart from the § 1983 claims, Miller El fails to state a claim on which relief can be granted.

While Miller El references a "breach of duty," *see* ECF No. 1-1 at 4, he does not specify (1) what duty was owed; (2) how that duty was breached by Derosha; or (3) how the alleged breach of duty proximately caused damages to Miller El. *See Atrium Unit Owners Ass'n v.* King, 266 Va. 288, 293 (Va. 2003) (explaining the requirements for a plaintiff to establish actionable negligence under Virginia law). Miller El does not allege sufficient facts to state a plausible claim of negligence against Derosha. As a result, his claim of negligence should be dismissed for failure to state a claim on which relief can be granted.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 21 pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts in support of Count 21.

However, if the Court dismisses all other Counts that would allow this Court to exercise supplemental jurisdiction over Count 21 pursuant to 28 U.S.C. § 1367, then the Court should **DISMISS WITHOUT PREJUDICE** Count 21 for a lack of subject-matter jurisdiction.

### 22. Count 22

I recommend that the Court dismiss Count 22. Count 22 alleges that one or more events violated the U.S. Constitution's Fifth Amendment. *See* ECF No. 1 at 3.

A plaintiff making a § 1983 claim based upon the Fifth Amendment must allege facts related to the enforcement of the Fifth Amendment's Takings Clause or the plaintiff's right as a criminal defendant to be free from self-incrimination. *See Knick v. Twp. Of Scott*, 139 S. Ct. 2162, 2171 (2019); *Chavez v. Martinez*, 538 U.S. 760, 767 (2003).

Here, Miller El fails to allege plausible facts related to either the taking of his private property without just compensation or to compelled self-incrimination. As such, Miller El fails to state a § 1983 claim based upon his rights under the U.S. Constitution's Fifth Amendment.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 22 pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts in support of Count 22.

### 23. Count 23

I recommend that the Court dismiss Count 23. Count 23 alleges that one or more events violated the U.S. Constitution's Ninth Amendment. *See* ECF No. 1 at 3.

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "[T]he Ninth Amendment is a rule of construction, not a substantive basis for a civil rights claim." *Rynn v. Jaffe*, No. 05-2066, 457 F.Supp. 2d 22, 26 (D.D.C. Oct. 20, 2006) (collecting cases).

As the Ninth Amendment is a rule of construction rather than a substantive basis for a civil rights claim, Miller El's reliance on the Ninth Amendment in support of his § 1983 claim is misplaced. As the Ninth Amendment provides no substance rights that would give rise to a potential § 1983 claim, Miller El fails to state a claim for which relief can be granted.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 23. Because no additional, plausible facts could cure Count 23, the Court should not grant leave to amend because any amendment would be futile.

### 24. Count 24

I recommend that the Court dismiss Count 24. Count 24 alleges that one or more events

gave rise to something in the nature of a contract suit. *See* ECF No 1-1 at 4.

The elements of a claim for breach of contract are (1) the existence of a valid contract and (2) breach of the terms of that contract. *See Crosby v. City of* Gastonia, 635 F.3d 634, 645 (4th Cir. 2011). Miller El fails to allege any plausible facts that would give rise to a contract suit, and he states expressly that he "do[esn't] have a contract with state police or foreign corporation Virginia." ECF No. 1-1 at 4. Thus, with regard to any contract suit or claim for breach of contract, I find that Miller El fails to state a claim for which relief can be granted.

Therefore, I recommend that the Court **DISMISS WITH PREJUDICE** Count 24 pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts in support of Count 24.

However, if the Court dismisses all other Counts that would allow this Court to exercise supplemental jurisdiction over Count 21 pursuant to 28 U.S.C. § 1367, then the Court should **DISMISS WITHOUT PREJUDICE** Count 21 for a lack of subject-matter jurisdiction.

## IV.    Conclusion

Therefore, for the foregoing reasons, I respectfully recommend that the presiding District Judge **GRANT** Derosha's Motion to Dismiss, ECF No. 7, and **DISMISS** this case from the active docket of this Court. However, the Court could grant Miller El leave to amend his complaint to allege additional, plausible facts in support of Counts 3, 4, 21, and 24.

## <u>NOTICE TO PARTIES</u>

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party must serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including the waiver of the right to appeal.

The Clerk is directed to serve a copy of this Report and Recommendation to all counsel of record and any unrepresented parties at this time.

Entered:   April 12, 2024

*C. Kailani Memmer*

C. Kailani Memmer
United States Magistrate Judge