CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

5/22/2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MICHAEL MILLER EL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:24-cv-11** |
| **v.** | ) | |
| | ) | |
| **T.R. DEROSHA,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

This case is currently before the court on plaintiff Michael Miller El's Objections and defendant T.R. Derosha's Limited Objection to the magistrate judge's Report and Recommendation (R&R). I overrule Miller El's Objections, the magistrate judge's R&R is adopted, and Derosha's Motion to Dismiss is granted.

## I.

Miller El brought this action under 42 U.S.C. § 1983, alleging that Derosha, who arrested Miller El in June 2023 for traffic infractions, violated his civil rights.[1] Derosha moved to dismiss the Complaint and this case was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on April 12, 2024, recommending that this court grant Derosha's Motion to Dismiss. Dkt. 19. The R&R recommended that Counts 2, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 23 be dismissed with prejudice, because any amendments would be futile. The R&R made

---

[1] Miller El also filed a separate § 1983 action arising from this same arrest for traffic violations against three state court Judges, which the court dismissed as frivolous and for failing to state a claim. *See Miller El v. Ward*, No. 7:24-CV-00045, 2024 WL 495274, at *2 (W.D. Va. Feb. 8, 2024).

recommendations in the alternative for Counts 3, 4[2], 21, 22, and 24; specifically, that these counts should be dismissed, but it could be *either* with prejudice or with leave to amend, to allege additional plausible facts in support. Finally, the R&R recommended that Counts 1, 8, and 11 be dismissed without prejudice. Miller El filed objections to the R&R, and Derosha filed a single Limited Objection to the magistrate judge's alternative recommendation regarding Count 3, arguing that it should be dismissed with prejudice based on the *Rooker-Feldman* doctrine.

## II.

The court adopts the recitation of facts and procedural background as set forth in the R&R. Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).

Accordingly, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in

---

[2] Regarding Count 4, the R&R recommended that leave to amend be granted only as to the handcuff and sexual assault allegations, and not to the verbal abuse, as amendment would be futile as to those allegations.

the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed.

App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th

Cir. 1982)). The district judge may accept, reject, or modify, in whole or in part, the findings and

recommendations in the R&R. 28 U.S.C. § 636(b)(1).

## III.

Miller El objects to the R&R by restating many of his allegations and referring generally

to various cases, statutes, and international laws.[3] However, his objections fail to direct the court

to a specific error in the Report and Recommendation and I find that Miller El has failed to raise

any specific objections to the R&R. Derosha's Limited Objection argues that Miller El's racial

profiling allegations should be dismissed without leave to amend under the *Rooker-Feldman*

doctrine's limitation on federal court's jurisdiction. Accordingly, the court will conduct a limited

review of that portion of the R&R.

The R&R recommends dismissing Miller El's allegation that Derosha's traffic stop

resulted from racial profiling (Count 3). It recommends dismissing Count 3, either with prejudice

or with leave to amend. To the extent that the R&R recommends dismissing this claim with leave

to amend under Rule 12(b)(6), I accept that recommendation. The Fourth Circuit has construed

pro se filings alleging racial profiling as claims alleging a violation of the Equal Protection

Clause of the Fourteenth Amendment, noting that "there exists no federal claim for 'racial

profiling.'" *Hodge v. Gansler*, 547 F. App'x 209, 210 n. 1 (4th Cir. 2013). "To state a claim

under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a

plaintiff must allege facts sufficient to show that he has been treated differently from others with

---

[3] Miller El also filed Amended Objections outside of the response deadline. These objections, which include a video recording of a prior court proceeding as an exhibit, are likewise general objections and do not change the court's analysis. Dkt. 22.

whom he is similarly situated and the unequal treatment resulted from intentional or purposeful discrimination." *Id.* citing *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). Here, Miller El pleads no facts to support an Equal Protection claim, instead making a conclusory allegation that Derosha racially profiled him that is insufficient to withstand a motion to dismiss.

However, I overrule Derosha's Limited Objection that the *Rooker-Feldman* doctrine jurisdictionally bars Miller El's allegation of racial profiling at the motion to dismiss stage, and thus this claim should be dismissed with prejudice. The *Rooker-Feldman* doctrine, which generally prohibits a federal district court from sitting in direct review of a state court judgment, applies "only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent that Miller El's allegation of racial profiling does not challenge the state court's decision, but instead seeks redress for an injury allegedly caused by Derosha, the *Rooker-Feldman* doctrine would not apply. *See e.g. Strickland v. Mahoning Twp.,* 647 F.Supp.2d 422, 429 (M.D.Pa. 2009) ("To prevail on an equal protection claim in the racial-profiling context . . . Plaintiff does not need to establish that he was innocent of the underlying charge, or that the state court judgment was invalid to prevail.").

## IV.

I have also reviewed the remainder of the R&R, to which neither party has filed specific objections, for clear error. Finding no clear error, I adopt the magistrate judge's R&R, and **GRANT** Derosha's Motion to Dismiss. Specifically, Counts 2, 5, 6, 7, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 23 shall be dismissed with prejudice; Counts 1, 3, 4[4], 8, 11, 21, 22, and 24

---

[4] As indicated above, leave to amend Count 4 is granted only as to the handcuff and sexual assault allegations.

shall be dismissed with leave to amend, and any amendment must be filed within 21 days of the entry of this Order.

The Clerk is directed to send a copy of this Opinion and Order to all parties.

It is so **ORDERED.**

Entered:  May 22, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge